J-S81037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE GIUFFRIDA, | |
| Appellant | No. 907 MDA 2017 |

Appeal from the PCRA Order May 19, 2017
in the Court of Common Pleas of York County
Criminal Division at No.: CP-67-CR-0001560-2013

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 18, 2018**

Appellant, James Lee Giuffrida, appeals from the order of May 19, 2017, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims he received ineffective assistance of counsel.  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On November 12, 2012, the Commonwealth charged Appellant with one count each of organized retail theft, conspiracy, retail theft by taking merchandise, receiving stolen

_____

[*] Retired Senior Judge assigned to the Superior Court.

property, corrupt organization, and dealing in the proceeds of unlawful activity with the intent to promote the carrying on of the unlawful activity.[1] Briefly, Appellant was the mastermind of a retail theft ring that employed over one hundred drug addicts that operated in York and surrounding counties.

On June 3, 2014, following the selection of a jury, Appellant elected to enter an open *nolo contendere* plea to all charges. Following receipt of a pre-sentence investigation report, and Appellant's again affirming that he wished to continue with his plea, on July 15, 2014, the trial court sentenced Appellant to an aggregate term of incarceration of not less than six and three-quarters nor more than thirteen and one-half years. The trial court also imposed a fine of $55,000.00. The parties agreed that they would need a separate hearing on restitution. Appellant filed a timely post-sentence motion challenging both the voluntariness of his guilty plea and the excessive nature of the fines. A hearing on his motion took place on August 20, 2014, after which the trial court denied the motion. The parties again agreed that there needed to be a separate hearing on restitution. The restitution hearing took place on November 6, 2014. The trial court ordered that Appellant pay restitution of $397,431.18.

Appellant filed a timely appeal from the order imposing restitution. On September 25, 2015, this Court affirmed, finding that Appellant had waived

---

[1] 18 Pa.C.S.A. §§ 3929.3(a), 903, 3929(a)(1), 3925(a), 911(b)(3), and 5111(a)(1), respectively.

all claims on appeal because of his failure to develop his argument and failure to include a Pennsylvania Rule of Appellate Procedure 2119(f) statement in his brief. (*See Commonwealth v. Giuffrida*, 2015 WL 5936686, unpublished memorandum at *1 (Pa. Super. filed Sept. 25, 2015)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On October 25, 2016, Appellant filed the instant, timely counseled PCRA petition. On February 10, 2017, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On May 19, 2017, the court denied Appellant's PCRA petition. On June 7, 2017, Appellant filed a timely notice of appeal. On June 8, 2017, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). PCRA counsel moved to withdraw, and after appointing new counsel, the court granted a motion to extend time to file the Rule 1925(b) statement. Appellant filed a timely statement on August 25, 2017. *See id.* On September 1, 2017, the court issued an opinion.

On appeal, Appellant raises the following question for our review.

I.   Whether the court erred when it dismissed Appellant's petition for post[-]conviction relief when counsel was ineffective where:

a. Counsel coerced Appellant to enter an unknowing and/or involuntary guilty plea to all charges because counsel was unprepared to go to trial?

- 3 -

b. Counsel advised Appellant that counsel had negotiated a specific sentence, thereby having Appellant enter into an unknowing guilty plea?

c. Counsel failed to preserve Appellant's right to appeal the issue of Appellant's fines being excessive when added to the amount of restitution ordered?

d. Counsel failed to file a timely motion for a restitution hearing which caused Appellant to lose Appellant's ability to challenge the amount of restitution ordered?

e. Counsel failed to file a timely and effective post-sentence motion on Appellant's behalf?

f. Counsel failed to file a timely and effective appeal to the Superior Court of Pennsylvania?

(Appellant's Brief, at 4) (unnecessary capitalization omitted).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). *See* 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See* 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial,

during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

Initially, we note that Appellant concedes that there is no merit to issues "d" and "e" as listed in his statement of the questions involved. (*See* Appellant's Brief, at 15). Therefore, we will not address them.

In his first two issues, Appellant claims that he received ineffective assistance of plea counsel. (*See* Appellant's Brief, at 9-13). Specifically, Appellant contends that plea counsel coerced him to plead no contest because he was unprepared to go to trial. (*See id.* at 9-11). Further, Appellant complains that counsel led him to believe "that a plea arrangement had been made with the Commonwealth if Appellant made an open plea. . . [he] would

receive a time-served sentence or would be eligible for RRRI." (*Id.* at 12). We disagree.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a [*nolo contendere*] plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume that counsel is effective, and Appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable

probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by, Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Jones*, *supra* at 611. Where, as here, Appellant pleaded *nolo contendere*, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded [*nolo contendere*] and would have insisted on going to trial." *Rathfon*, *supra* at 370 (citation omitted). Appellant has utterly failed to do so.

This Court has held that where the record clearly shows that the court conducted a thorough plea colloquy and that the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. *See id.* At a minimum, the trial court must inquire into the following six areas:

   (1)   Does the defendant understand the nature of the charges to which he is pleading [*nolo contendere*]?

   (2)   Is there a factual basis for the plea?

   (3)   Does the defendant understand that he has a right to trial by jury?

   (4)   Does the defendant understand that he is presumed innocent until he is found guilty?

(5)    Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)    Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id.* (citation omitted); *see also* Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. *See* Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy that the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. *See id.*

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy with the trial court. (*See* Written No Contest Plea, 6/03/14, at 9; N.T. Plea Hearing, 6/03/14, at 64-79). We again note that, at the time Appellant elected to enter his plea, the trial court had empaneled a jury and the parties were ready to go to trial. Moreover, at the plea hearing, Appellant testified that he wanted to enter a no contest plea. (*See* N.T. Plea Hearing, at 64-77). He stated that he had gone over the written plea colloquy with counsel. (*See id.*). He acknowledged that he understood the written colloquy, understood the difference between a guilty plea and a no contest plea, he agreed that under the facts as read by the Commonwealth a jury could find him guilty of the charged offenses, was satisfied with counsel's

representation, and had not been made any promise in return for his plea. (*See id.*).

In the written plea colloquy, Appellant agreed that he understood that he was about to enter a no contest plea. (*See* Written No Contest Plea, at 4-10). He understood the maximum possible sentences for all charges, understood that he could receive consecutive sentences; that no promises had been made to him in return for his plea; he was pleading of his own free will, and was satisfied with counsel's representation. (*See id.*). In the section of the written colloquy where the terms of the agreement were listed, it said, "plead open to charge, PSI." (*Id.* at 7).

During the plea colloquy, the trial court made the following representations with respect to the nature of the plea:

> . . . this has been described as an open plea. What that means in that sense is you're entering a plea and leaving it to the complete discretion of the judge consistent with the law and the sentencing guidelines to enter a sentence in your case. **There is no plea bargain protecting you.**
>
>          *     *     *
>
> The bottom line is sentencing is a complex situation. I take all of those factors into consideration. **But in the end, it is going to be my decision. You're entering a plea without a safety net.**

(N.T. Plea Hearing, at 68-69) (emphases added). When asked, Appellant stated that he had no questions about entering an open plea. (*See id.* at 69). Thus, the record clearly supports that the trial court made Appellant aware

- 9 -

that there were no promises with respect to the sentence, this was a completely open plea.

Moreover, sentencing took place over one month after the entry of the guilty plea. At no point prior to or during sentencing did Appellant express any dissatisfaction with counsel or indicate any wish to withdraw his plea. Before imposing sentence, the trial court offered Appellant the opportunity to withdraw his plea, stating its concerns about remarks Appellant made in the PSI, which indicated that he was unsure about his decision to enter a no-contest plea. (*See* N.T. Sentencing, 7/15/14, at 5). In response, Appellant stated:

> I think — [fifty-four] months state sentence or plead open? I mean, I really only had like three minutes to think about it. It has definitely been bothering me for the last month and a half sitting in jail and thinking about it. I've done a lot of soul searching and praying about this. I really want to put this situation behind me and get it over with and get back to my responsibilities as a father and a partner. So, I mean, yeah, yeah, I'd like to proceed with the **open plea**, Your Honor.

(*Id.* at 5-6) (emphasis added). Thus, at sentencing Appellant reaffirmed both that he wished to enter a no-contest plea and that he understood that this was an open plea.

In his post-sentence motion, Appellant did seek to withdraw his guilty plea. (*See* Post-Sentence Motion, 7/25/14, at unnumbered page 2). However, he neither claimed that he had been unlawfully induced to plead guilty because counsel was unprepared for trial or that he had been promised

- 10 -

a sentence of time-served, but rather raised solely the issue of eligibility for RRRI. (**See id.**).

The statements made during a plea colloquy bind a criminal defendant. **See Commonwealth v. Muhammad**, 794 A.2d 378, 384 (Pa. Super. 2002). Thus, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. **See Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of [*nolo contendere*]: 'All that is required is that [appellant's] decision to plead [*nolo contendere*] be knowingly, voluntarily and intelligently made.'" **Commonwealth v. Yager**, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*), *appeal denied*, 701 A.2d 577 (Pa. 1997) (citation omitted). Here, Appellant has not shown that his decision to enter the plea was involuntary. He has therefore failed to prove prejudice. Thus, his claims of ineffective assistance of plea counsel lack merit.

In his next claim, Appellant contends that trial counsel was ineffective for failing to file a direct appeal raising the issue of the excessiveness of the fines imposed on Appellant, (**see** Appellant's Brief, at 13-15). We disagree.

Initially, we note that Appellant does not contend that the imposed fines were illegal or that his sentence is in any way illegal. (**See id.**). Rather, to the extent that we can determine from Appellant's muddled argument on this issue, Appellant's complaint is that counsel was ineffective for failing to object

to the trial court imposing fines and restitution at separate proceedings. (*See* Appellant's Brief, at 14). Appellant maintains, without explanation, that the failure to do so rendered the trial court "unable to determine if the fines imposed on Appellant would impede his ability to make restitution payments." (*Id.*). Further, Appellant contends that counsel was ineffective for failing to preserve this issue by failing "to file an appeal on Appellant's [p]ost [s]entence [m]otion." (*Id.* at 13). We disagree.

Initially, we note that an appeal properly does not lie from the denial of post-sentence motions. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1125 n. 1 (Pa. Super. 2003) (*en banc*). We will not fault counsel for failing to appeal from an unappealable order.

Moreover, the record reflects that, at the time of sentencing, the Commonwealth made the trial court aware that it believed Appellant owed approximately $397,431.18 in restitution. (*See* N.T. Sentencing, 7/15/14, at 2). Thus, the trial court was well aware at the time it imposed that fine that Appellant would likely be ordered to pay substantial restitution. Further, it was Appellant, not the Commonwealth, who requested a separate hearing on restitution. (*See id.* at 19). Moreover, the trial court made Appellant aware that this would result in the restitution issue being in front of a different judge. (*See id.* at 19-20). Trial counsel specifically stated that there was no problem with the restitution issue being heard separately from sentencing and in front of a judge who would not be familiar with the case. (*See id.* at 20). At no

- 12 -

point during the hearing did Appellant object to counsel's conduct or request that restitution be determined immediately. (***See id.*** at 19-20). Moreover, Appellant fails to point to any legal support for a contention that a trial must consider whether fines would impede the payment of restitution prior to their imposition. (***See*** Appellant's Brief, at 13-15). Given this we find that Appellant has not demonstrated that he was prejudiced by counsel's action. ***See Strickland***, ***supra*** at 687 (citations omitted); ***see Commonwealth v. Travaglia***, 661 A.2d 352, 357 (Pa. 1995), *cert. denied*, 516 U.S. 1121 (1996). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004) (citation omitted). Appellant's clam lacks merit.

In his final issue, Appellant claims that appellate counsel was ineffective for filing a defective brief with this Court, leading to the waiver of all issues raised on appeal. (***See id.*** at 16-17). However, we find that Appellant waived his issue because he fails to address the prejudice prong of ***Strickland***. ***See Strickland***, ***supra*** at 687; (***see also*** Appellant's Brief, at 16-17). This defect renders Appellant's argument undeveloped.

Here, while Appellant correctly notes that this Court found the only issue raised on appeal, that the trial court allegedly failed to apportion the amount of restitution imposed between Appellant and his codefendants, waived, Appellant fails to include any discussion of the underlying merits of this

contention. (*See* Appellant's Brief, at 16-17). Appellant never explains the basis for his claim that the trial court was required to apportion the restitution in any particular way or cites to any legal support to demonstrate that this claim would have succeeded on appeal but for appellate counsel's filing of a deficient brief. Thus, Appellant has failed to set forth the ineffectiveness analysis required by **Strickland**. **See Strickland**, **supra** at 687. Because Appellant has not established this critical prong, we must deem counsel's assistance constitutionally effective. **See Commonwealth v. Rolan**, 964 A.2d 398, 406 (Pa. Super. 2008) (holding that where appellant fails to establish any one of three prongs of ineffectiveness test, he does not meet his burden of proving ineffective assistance of counsel, and counsel is deemed constitutionally effective). Thus, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief on this basis.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/18/18

- 14 -